IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

| | |
|---|---|
| WRIGHT MEDICAL TECHNOLOGY, INC., <br><br> Plaintiff, <br><br> vs. <br><br> KFX MEDICAL CORPORATION, <br><br> Defendant. | CAUSE NO. _____ <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR DECLARATORY JUDGMENT

For its Declaratory Judgment Complaint against Defendant KFx Medical Corporation ("KFx"), Plaintiff Wright Medical Technology, Inc. ("Wright Medical") alleges that:

### NATURE OF THE ACTION

1. Wright Medical seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202, declaring that Wright Medical does not infringe U.S. Patent Nos. 7,585,311 ("the '311 patent"); 8,100,942 ("the '942 patent"); and 8,109,969 ("the '969 patent") (collectively, "the patents-in-suit"), and that the patents-in-suit are invalid.

### PARTIES

2. Plaintiff Wright Medical is a Delaware corporation with a principal place of business located at 1023 Cherry Road, Memphis TN 38117. Wright Medical designs, manufactures, and sells medical device products, including, among other products, knotless suture anchors sold under the PITON brand.

3. Defendant KFx is a Delaware corporation with a principal place of business in Carlsbad, California.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Wright Medical's request for declaratory judgment under 28 U.S.C. §§ 2201 and 2202. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, which are within the subject matter jurisdiction of this Court under 28 U.S.C. §§ 1331 and 1338(a).

5. In August 2016, KFx sent an email to Wright Medical, asserting that Wright Medical's PITON knotless suture anchor infringes the '311 Patent when used in double row surgical procedures. In subsequent communications between KFx and Wright Medical's outside counsel, KFx informed Wright Medical that in addition to the '311 Patent, the '942 Patent and the '969 Patent are the "primary patents" that should be considered. The allegations made by KFx in its initial threat email and in subsequent communications give rise to an actual and justiciable controversy between Wright Medical and KFx as to the non-infringement and invalidity of the Patents-in-Suit.

6. KFx's infringement allegations threaten actual and imminent injury to Wright Medical that can be redressed by judicial relief and that injury is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. Absent a declaration of non-infringement and invalidity, KFx's continued wrongful assertion of infringement related to the use of Wright Medical's knotless suture anchors will cause Wright Medical harm.

7. KFx is subject to personal jurisdiction in this judicial district based upon its purposeful, systematic and continuous contacts with Delaware, including its formation under the laws of Delaware, and maintaining a registered agent in this district.

8. Venue is proper in this Court under 28 U.S.C. § 1391 because KFx resides in this judicial district and because KFx is subject to personal jurisdiction in this judicial district.

**FACTS**

9. Wright Medical designs, manufactures and sells a variety of medical devices, including, among other products, knotless suture anchors under the PITON brand.

10. Wright Medical's knotless suture anchors can be used by surgeons in a variety of surgical procedures to attach soft tissue to bone. The knotless anchors can be and are used in different attachment techniques, including an attachment technique where a suture is extended between a knotless anchor and another bone anchor. KFx refers to such two-anchor attachment techniques as a "double row procedure."

11. Not all of the knotless suture anchors that Wright Medical sells are used in double row procedures. Even when a Wright Medical knotless suture anchor is used in a double row procedure, the other anchor that is used in the procedure often is not a Wright Medical anchor.

12. Wright Medical does not control the manner in which a surgeon chooses to use a Wright Medical knotless suture anchor in a surgical procedure. The choice to use a Wright Medical knotless suture anchor and the decision to use that anchor in a double row procedure or another attachment technique is left to the surgeon's discretion.

13. KFx asserts that when a surgeon performs a double row procedure in which the surgeon uses a Wright Medical knotless suture anchor, Wright Medical infringes the Patents-in-Suit.

14. Upon information and belief, KFx does not manufacture or sell any products embodying the Patents-in-Suit. Instead, KFx monetizes the Patents-in-Suit through litigation and threats of litigation with third parties.

15. KFx purports to be the owner of the '311 Patent. The '311 Patent is entitled "System and Method for Attaching Soft Tissue to Bone" and issued September 8, 2009. All of

the claims of the '311 Patent are method claims. A copy of the '311 Patent is attached as Exhibit A.

16. KFx purports to be the owner of the '942 Patent. The '942 Patent is entitled "System and Method for Attaching Soft Tissue to Bone" and issued January 24, 2012. All of the claims of the '942 Patent are method claims. A copy of the '942 Patent is attached as Exhibit B.

17. KFx purports to be the owner of the '969 Patent. The '969 Patent is entitled "System and Method for Attaching Soft Tissue to Bone" and issued February 7, 2012. All of the claims of the '969 Patent are method claims. A copy of the '969 Patent is attached as Exhibit C.

18. On or about August 15, 2016, KFx sent an email to Wright Medical, asserting that Wright Medical's PITON product infringes the '311 Patent "when used in knotless double row."

19. On or about October 6, 2016, KFx sent an email to Wright Medical's outside counsel, asserting that the '942 Patent and '969 Patent are also "primary patents."

## COUNT ONE
## Declaratory Judgment of Non-Infringement of the '311 Patent

20. Wright Medical incorporates the foregoing paragraphs by reference as though set forth fully herein.

21. No claim of the '311 Patent has been or is infringed, either directly or indirectly, literally or under the doctrine of equivalents, by Wright Medical or the users of Wright Medical's knotless suture anchors.

22. By way of example, Wright Medical has never performed a double row procedure or instructed users of Wright Medical's knotless suture anchors to perform a double row procedure that includes "fixedly securing the first length of suture" "without tying any knots" as recited in the claims of the '311 Patent. Further, Wright Medical has never performed a double row procedure or instructed users of Wright Medical's knotless suture anchors to "tension[] the

first length of suture to compress an area of tissue" in the manner recited in the claims of the '311 Patent.

23.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality between KFx and Wright Medical to warrant the issuance of a declaratory judgment that Wright Medical has not infringed, and does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '311 Patent.

## COUNT TWO
### Declaratory Judgment of Non-Infringement of the '942 Patent

24.     Wright Medical incorporates the foregoing paragraphs by reference as though set forth fully herein.

25.     No claim of the '942 Patent has been or is infringed, either directly or indirectly, by Wright Medical or the users of Wright Medical's knotless suture anchors.

26.     By way of example, Wright Medical has never performed a double row procedure or instructed users of Wright Medical's knotless suture anchors to perform a double row procedure that includes the step of "moving the proximal member of the second anchor distally towards the distal member of the second anchor, thereby fixedly securing the first length of suture at the second anchor position without tying any knots" as recited in the claims of the '942 Patent.  Further, Wright Medical has never performed a double row procedure or instructed users of Wright Medical's knotless suture anchors to "tension[] the first length of suture to compress an area of tissue" in the manner recited in the claims of the '942 Patent.

27.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality between KFx and Wright Medical to

warrant the issuance of a declaratory judgment that Wright Medical has not infringed, and does not infringe, directly or indirectly, any valid claim of the '942 Patent.

## COUNT THREE
### Declaratory Judgment of Non-Infringement of the '969 Patent

28. Wright Medical incorporates the foregoing paragraphs by reference as though set forth fully herein.

29. No claim of the '969 Patent has been or is infringed, either directly or indirectly, by Wright Medical or the users of Wright Medical's knotless suture anchors.

30. By way of example, Wright Medical has never performed a double row procedure or instructed users of Wright Medical's knotless suture anchors to perform a double row procedure by "fixedly securing the first length of suture" "without tying any knots" in the manner recited in the claims of the '969 Patent.  Further, Wright Medical has never performed a double row procedure or instructed users of Wright Medical's knotless suture anchors to "tension[] the first length of suture to compress an area of tissue" in the manner recited in the claims of the '969 Patent.  Yet further, Wright Medical has never performed a double row procedure or instructed users of Wright Medical's knotless suture anchors to perform a double row procedure using "an anchor inserter attachment member" having the characteristics recited in the claims of the '969 Patent.

31. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality between KFx and Wright Medical to warrant the issuance of a declaratory judgment that Wright Medical has not infringed, and does not infringe, directly or indirectly, any valid claim of the '969 Patent.

## COUNT FOUR
## Declaratory Judgment of Invalidity of the '311 Patent

32. Wright Medical incorporates the foregoing paragraphs by reference as though set forth fully herein.

33. The claims of the '311 Patent are invalid for failure to comply with the requirements for patentability as specified in 35 U.S.C. § 1 et seq., including, without limitation, 35 U.S.C. §§ 102, 103 and/or 112, and/or based on other judicially-created bases for invalidation. As an example, the claims of the '311 Patent are invalid under 35 U.S.C. §§ 102 and/or 103 in view of at least one or more of U.S. Patent No. 5,584,835; U.S. Patent No. 5,891,168; U.S. Pat. Pub. No. 2006/0079904; U.S. Pat. No. 7,329,272; U.S. Pat. No. 6,544,281; and the prior public uses and disclosures of the claimed methods by Dr. Peter Millett, Dr. Neal ElAttrache and/or Dr. Carlos Guanche in 2003 and 2004.

## COUNT FIVE
## Declaratory Judgment of Invalidity of the '942 Patent

34. Wright Medical incorporates the foregoing paragraphs by reference as though set forth fully herein.

35. The claims of the '942 Patent are invalid for failure to comply with the requirements for patentability as specified in 35 U.S.C. § 1 et seq., including, without limitation, 35 U.S.C. §§ 102, 103 and/or 112, and/or based on other judicially-created bases for invalidation. As an example, the claims of the '942 Patent are invalid under 35 U.S.C. §§ 102 and/or 103 in view of at least one or more of U.S. Patent No. 5,584,835; U.S. Patent No. 5,891,168; U.S. Pat. Pub. No. 2006/0079904; U.S. Pat. No. 7,329,272; U.S. Pat. No. 6,544,281; and the prior public uses and disclosures of the claimed methods by Dr. Peter Millett, Dr. Neal ElAttrache and/or Dr. Carlos Guanche in 2003 and 2004.

## COUNT SIX
## Declaratory Judgment of Invalidity of the '969 Patent

36. Wright Medical incorporates the foregoing paragraphs by reference as though set forth fully herein.

37. The claims of the '969 Patent are invalid for failure to comply with the requirements for patentability as specified in 35 U.S.C. § 1 et seq., including, without limitation, 35 U.S.C. §§ 102, 103 and/or 112, and/or based on other judicially-created bases for invalidation. As an example, the claims of the '969 Patent are invalid under 35 U.S.C. §§ 102 and/or 103 in view of at least one or more of U.S. Patent No. 5,584,835; U.S. Patent No. 5,891,168; U.S. Pat. Pub. No. 2006/0079904; U.S. Pat. No. 7,329,272; U.S. Pat. No. 6,544,281; and the prior public uses and disclosures of the claimed methods by Dr. Peter Millett, Dr. Neal ElAttrache and/or Dr. Carlos Guanche in 2003 and 2004.

## PRAYER FOR RELIEF

WHEREFORE, Wright Medical prays for:

a. A declaration that Wright Medical has not infringed and is not infringing, either directly or indirectly, and claim of the '311, '942, and '969 Patents;

b. A declaration that each claim of the '311, '942, and '969 Patents is invalid;

c. An order that KFx and each of its officers, employees, agents, attorneys, and any persons in active concert or participation with them are restrained and enjoined from further prosecuting or instituting any action against Wright Medical claiming that the '311, '942, and '969 Patents are infringed or from representing that Wright Medical's products or their use in double row procedures infringes the '311, '942, and '969 Patents;

d. A declaration that this is an exceptional case under 35 U.S.C. § 285;

e. An award to Wright Medical of its costs and attorneys' fees;

f.  Such other relief as this Court or a jury may deem proper and just under the circumstances.

## JURY DEMAND

Wright Medical demands a trial by jury on all issues so triable.

Dated:  April 6, 2017

<u>OF COUNSEL</u>:
Thomas W. Sankey (twsankey@duanemorris.com)
Diana M. Sangalli (dmsangalli@duanemorris.com)
**DUANE MORRIS LLP**
1330 Post Oak Boulevard, Ste. 800
Houston, TX  77056-3166
Telephone:  713. 402.3900

Respectfully submitted,

<u>/s/ Richard L. Renck</u>
Richard L. Renck (#3893)
**DUANE MORRIS LLP**
222 Delaware Avenue, Suite 1600
Wilmington, DE 19801
Telephone: (302) 657-4900
rlrenck@duanemorris.com

*Counsel for Plaintiff*
*Wright Medical Technology, Inc.*